IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 01 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JEAN THEARD,

          Petitioner,

    -against-

DALE ARTUS,

          Respondent.

----------------------------------------------------------X

**MEMORANDUM AND ORDER**
**09 CV 5702 (NGG)(LB)**

**BLOOM, United States Magistrate Judge:**

    Petitioner moves to amend his habeas corpus petition to include a claim of ineffective assistance of appellate counsel. Docket entry 16. Respondent opposes the motion. Docket entry 20. For the reasons set forth below, petitioner's motion is granted.

## BACKGROUND

    Petitioner first filed a petition for habeas corpus in this Court on December 28, 2009. Docket entry 1. The petition alleged that his conviction on July 19, 2006 for rape and robbery in Queens County Supreme Court was wrongful due to prosecutorial misconduct in summation, lack of probable cause for his arrest, insufficient evidence, and the trial court's failure to administer a truthfulness oath to prospective jurors. Id. at 1-3.

    On April 20, 2010, the Court ordered respondent to answer the petition, which respondent did on July 15, 2010. Docket entries 7-9. Beginning on August 18, 2010, petitioner filed a series of submissions which were not brought to my attention due to a clerical error which has now been resolved. These submissions included petitioner's request for an extension of time to reply to respondent's opposition (docket entries 10 and 11), petitioner's motion to stay the proceedings pending his application for a writ of error coram nobis on the grounds of ineffective assistance of appellate counsel (docket entries 12 and 13), and petitioner's letter informing the

1

Court that he had properly exhausted the ineffective assistance of counsel claim in state court and inquiring as to how to amend his habeas petition to include the new claim. Docket entry 14.

The Court addressed petitioner's submissions and noted the clerical error in its Order dated March 31, 2011. Docket entry 15. That Order denied as moot petitioner's motion for an extension of time to reply and his motion for a stay, and advised that if petitioner wished to amend his petition, he should move to amend the petition, attaching the proposed amended petition, by May 2, 2011. Id. Moreover, because the one-year limitations period in petitioner's case would elapse on April 18, 2011, and in light of the delays inherent in sending and receiving mail in prison, the Court's Order stated that petitioner's motion to amend would be considered timely made if petitioner so moved by May 2, 2011. Id.

Petitioner timely filed his motion to amend the habeas petition, attaching the proposed amended petition. Docket entry 16. Petitioner's amended petition raises the four claims made in his original petition, and adds a fifth claim: that he was denied his right to a fair trial when the state failed to make a witness available to the defense for cross-examination and that appellate counsel was ineffective because he failed to raise this issue on appeal. Docket entry 16-2 at 4.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure governs amendment in civil actions and applies to habeas corpus petitions. See Littlejohn v. Artuz, 271 F.3d 360, 363-64 (2d Cir. 2001) (noting that there is "nothing in AEDPA [the legislation governing habeas corpus petitions] [that is] inconsistent with the application of Rule 15"); see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 815 (2d Cir. 2000). Rule 15 provides that the Court "should freely give leave [to amend a pleading] when justice so requires." This is particularly true when the party is proceeding *pro se*. See Cuoco v. Moritsugu, 222 F. 3d 99, 112 (2d Cir. 2000) ("Certainly the court should not dismiss without granting [a *pro se* litigant] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated"). Moreover, "[t]he general concern that civil plaintiffs have an opportunity for a full adjudication of their claims is particularly heightened in the AEDPA context, where the gatekeeping

provisions of the statute stringently limit a petitioner's ability to raise further issues in a subsequent action." Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002) (citation omitted). Nevertheless, "although Rule 15 requires that leave to amend be 'freely given,' district courts ... retain discretion to deny that leave in order to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive." Littlejohn, 271 F.3d at 363 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, it cannot be said that petitioner has been dilatory or abusive in bringing his motion to amend. Indeed, the Court's March 31, 2011 Order notes that "petitioner has acted with reasonable diligence" in seeking to amend his petition. Nor will respondent be prejudiced by the Court granting leave to amend as respondent can supplement his opposition to the habeas petition to respond to the new claim. See Madrid v. Ercole, No. 08-cv-4397 (ENV)(CLP), 2011 WL 795557, at *3 (E.D.N.Y. Feb. 28, 2011) (granting motion to amend habeas petition where "[p]etitioner *pro se* ... sought ... amendment in a non-dilatory fashion, well in advance of the end of the limitations period" and where respondent would be "permitted to supplement his opposition papers in response to the new claim"); see also Saxon v. Lempke, No. 09 Civ. 1057(PGG)(KNF), 2010 WL 4608613, at *3 (S.D.N.Y. Nov. 12, 2010) (granting motion to amend habeas petition where there was no bad faith or dilatory motive on the part of petitioner and no prejudice to respondent).

However, respondent argues that the Court should deny petitioner's motion to amend because the amendment would be futile. Docket entry 20 at 5. According to respondent, petitioner's claim that he was denied the right to a fair trial when the State failed to produce the witness/translator at trial is unexhausted, because petitioner's only claim on coram nobis was that appellate counsel was ineffective for raising the claim on appeal. Id. at 5-6. In addition, respondent states that, in any case, petitioner was not denied the right to a fair trial by the State's failure to produce the witness/translator, because the statement used against petitioner at trial was made by the victim and overheard by the police officer without the aid of the translator, and both the victim and police officer were called at trial as witnesses and subject to cross-examination.

Id. at 8. According to respondent, "under these circumstances, appellate counsel was not ineffective for failing to raise this meritless claim." Id.

Although respondent's arguments may ultimately prove correct, the Court in its discretion, and in light of the liberal standards regarding motions to amend, grants petitioner's motion (docket entry 16). See Madrid, 2011 WL 795557, at *3 (granting a second motion to amend habeas petition, and where respondent had already filed his memorandum in opposition, "in [the court's] discretion and in the interests of justice"); cf Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md., 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed") (citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 42-43 (2d Cir. 1979)). The Court shall allow respondent to supplement his opposition and shall consider respondent's arguments in opposition to the amended petition for habeas corpus.

## CONCLUSION

Accordingly, petitioner's motion to amend his habeas petition, docket entry 16, is hereby granted. The amended petition is already filed as docket entry 16-2. Respondent's request for 60 days to supplement his opposition to the amended petition, see docket entry 20 at 8 n.3, is hereby granted. Respondent shall file his supplement to the opposition by October 31, 2011.
SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: September 1, 2011
       Brooklyn, New York