FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 04 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEAN THEARD,

                    Petitioner,

      -against-

DALE ARTUS,

                    Respondent.
-----------------------------------------------------------------X

ORDER

09-CV-5702 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

    Jean Theard brought a habeas petition pursuant to 28 U.S.C. § 2254 (Pet. (Docket Entry # 1)), which he has since amended (Am. Pet. (Docket Entry # 16-2)). The court referred Theard's Amended Petition to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Apr. 28, 2011, Order.) On August 27, 2012, Judge Bloom issued her R&R recommending that the Amended Petition be denied and notifying Theard that he had fourteen days from service of the R&R to file written objections. (R&R (Docket Entry # 30).) See also Fed. R. Civ. P. 72(b)(2). Instead of filing objections, however, Theard attempted to appeal Judge Bloom's R&R to the Second Circuit (Pet'r Notice of Appeal (Docket Entry # 31)) and requested a certificate of appealability (Pet'r Cert. Request (Docket Entry # 31-1)).

    A court of appeals may exercise jurisdiction only over final orders, see 28 U.S.C. § 1291, and certain interlocutory and collateral orders, see 28 U.S.C. § 1292. A magistrate judge's R&R is neither of those things. See Traywick v. Med. Univ. of So. Cal., 34 F.3d 1067, 1994 WL 421307, at *1 (4th Cir. Aug. 12, 1994). Thus, particularly in light of the court's duty to construe pro se submissions liberally, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir.

1

2006), it will deem Theard's filings to be written objections to the R&R, see Traywick, 34 F.3d 1067, 1994 WL 421307, at *1 (finding that a "notice of appeal within the objection period should be construed as an objection to the magistrate judge's report"); Ortiz v. Degrees, No. 10-CV-278, 2010 WL 2889770, at *1 (M.D. Fla. July 22, 2010) (construing plaintiff's notice of appeal as an objection to the magistrate judge's R&R).

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [R&R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

Theard's notice of appeal and request for certificate of appealability do not point to any specific portions of the R&R to which Theard objects. Indeed, Theard mentions only two of the six claims that he brought in his Amended Petition—his Confrontation Clause and ineffective

2

assistance of counsel claims—and only to reiterate in a conclusory fashion that his Sixth Amendment rights were violated. (See Pet'r Cert. Request; cf. Am. Pet. at 2-4.) Thus, the court reviews the R&R for clear error. See U.S. Flour, 2012 WL 728227, at *2; Pall, 249 F.R.D. at 51.

The court has reviewed Judge Bloom's thorough and well-reasoned R&R for clear error and finds none. Accordingly, the court ADOPTS the R&R in its entirety. See Porter v. Potter, 219 F. App'x 112, 112-13 (2d Cir. 2007). Theard's Amended Petition for Writ of Habeas Corpus is DENIED. Because Theard has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
October __, 2012

S/Judge Garaufis

NICHOLAS G. GARAUFIS
United States District Judge